**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LYDELL MOORE, | ) |
| Petitioner, | ) ) ) |
| v. | )  No. 4:25-CV-00443 RHH |
| RICHARD ADAMS, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is before the Court on state-court prisoner Lydell Moore's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [ECF No. 1]. Because the petition appears to be time-barred, the Court will order petitioner to show cause why the petition should not be summarily denied and dismissed.

### Background

Based on an independent review on Case.net, Missouri's online case management system, petitioner was convicted of second-degree murder under an accomplice theory of culpability following a jury trial in St. Charles County, Missouri in October of 2018. *State v. Moore*, No. 1611-CR01416-01 (11th Jud. Cir., St. Charles County Court). On March 8, 2019, petitioner was sentenced to thirty years of imprisonment in the Missouri Department of Corrections. Petitioner appealed and the Missouri Court of Appeals affirmed the judgment on September 1, 2020. *State v. Moore*, 605 S.W.3d 616 (Mo. Ct. App. 2020). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

On October 9, 2020, petitioner signed his pro se motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15.[1] *Moore v. State*, No. 18SL-CC04376 (11th Jud. Cir., St. Charles County Court). The motion was not officially filed with the Circuit Court until November 25, 2020. *Id.* The motion was denied after an evidentiary hearing on March 28, 2022. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on June 6, 2023. *Moore v. State*, 669 S.W.3d 176 (Mo. Ct. App. 2023). The Court of Appeals issued its mandate on July 3, 2023.

### The § 2254 Petition

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center (ERDCC) in Bonne Terre, Missouri. He filed the instant application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2019 conviction and sentence for second-degree murder. [ECF No. 1]. Petitioner makes multiple arguments of alleged ineffective assistance of counsel, and he also seeks relief based on an alleged denial of due process. On the section of the petition titled "Timeliness of Petition," petitioner states:

> The prison officials had all my legal materials in their immediate possession and refused to allow me any access to them until now, which they denied me all my grievances regarding my legal materials.

*Id.* at 12. The petition states that it was placed in the prison mailing system on March 19, 2025. *Id.* at 13.

---

[1] The motion to vacate was not docketed by the Circuit Court until November 25, 2020. Petitioner included correspondence with his motion to vacate indicating that he had attempted to mail his motion, but he had it returned to the prison due to insufficient postage. After the return of the motion to the prison, it was placed in the mail by petitioner for a second time on or about November 19, 2020.

**Legal Standards**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a motion to transfer to the Missouri Supreme Court, the limitations period begins to run fifteen (15) days after the Missouri Court of Appeals affirms a conviction on direct appeal. *See Camacho v. Hobbs*, 774 F.3d 931, 934-35 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. Sup. Ct. R. 83.02 (stating that a party seeking transfer to the Missouri Supreme Court must file an application for such transfer "within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed").

However, the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); *see also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are

"pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

## Discussion

It appears that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed out of time. As such, the Court will order petitioner to show cause as to why the petition should not be denied and dismissed as time-barred.

Here, petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on September 1, 2020. Petitioner did not file a motion to transfer. Thus, his time for seeking direct review in the Missouri Supreme Court expired on September 16, 2020, fifteen (15) days after the judgment was affirmed. However, petitioner did not file his motion for post-conviction relief until November 25, 2020, due to a mailing issue. As explained above, petitioner's post-conviction proceedings were not "pending" between September 16, 2020, and November 24, 2020, so this 69-day period counts towards petitioner's one-year statute of limitations under the AEDPA.

On July 3, 2023, when the post-conviction mandate was issued, petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because 69

days of the one-year period had already run, petitioner needed to file his § 2254 petition within 296 days from the July 3, 2023, mandate, or by April 24, 2024.

"[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In this case, petitioner states in his petition that he delivered it to prison authorities for mailing on March 19, 2025. [ECF No. 1 at 13]. As such, it appears that the petition was filed almost one year late.

Petitioner seems to be asserting arguments for equitable tolling here, when he alleges that his petition is late for reasons related to his inability to obtain all his legal paperwork from the prison. He has attached a July 2, 2024, Institutional Resolution Request (IRR) to his complaint, ERDCC 24-837, asserting that he had only half of his "legal work" during his time in Administrative Segregation. He requests in his IRR that he be given access to additional legal work that was apparently being kept in the property lock-up at ERDCC. [ECF No. 1-2 at 5].

On August 23, 2024, the grievance officer at ERDCC provided a "Warden's Response" to petitioner's IRR, detailing:

> Staff indicated that they retrieved all the legal work that had the information you provided them. If you need additional legal work from your property, you will need to communicate what you need through written correspondence to your case management staff and during case manager rounds. In accordance with SOP 21-1.2 Administrative Segregation, you are only allowed to retain 12 inches of legal work in your cell, so you may need to exchange some legal work out. This should resolve your Grievance.

[ECF No. 1-2 at 6].

Petitioner filed a grievance appeal on December 5, 2024. [ECF No. 1 at 7]. In his grievance appeal he alleged that he had been placed in Administrative Segregation on March 2, 2024, and at

that time he had been separated from some of his legal paperwork. *Id*. He asserted that another inmate had been allowed to pack up the paperwork in his cell, apparently as petitioner was being placed in Administrative Segregation. In his grievance appeal, petitioner asserts that he was looking for the legal paperwork so he could file his application for writ of habeas corpus before it was "too late." *Id*.

Deputy Division Director of Adult Institutions, Jason Lewis filed a grievance appeal response on January 2, 2025. [ECF No. 1 at 7]. In the letter, Lewis stated that the grievance response had "adequately addressed [petitioner's] complaint regarding legal work." As such, "[n]o additional legal action [was] necessary."

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013). The Court notes that according to the Eighth Circuit, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials).

In this case, it does not appear that petitioner's inability to access all his legal papers from his property as of March 2, 2024, when he was placed in Administrative Segregation at ERDCC, is enough to warrant equitable tolling. As noted above, a lack of access to legal resources is not

sufficient to warrant tolling in the 8th Circuit. Because petitioner is obligated to establish that he was pursuing his rights diligently and that some extraordinary circumstance prevented him from timely filing his petition, the Court will direct him to show cause as to why his § 2254 petition should not be dismissed as time-barred. Petitioner will be given twenty-one (21) days from the date of this Order in which to submit a written response. Failure to respond will result in the dismissal of this case without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice as petitioner has failed to sign his motion**.

**IT IS FURTHER ORDERED** that the Clerk shall mail petitioner a form motion to proceed in forma pauperis for habeas cases.

**IT IS FURTHER ORDERED** that petitioner must either pay the $5.00 filing fee or submit a motion for leave to proceed in forma pauperis, within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that petitioner shall show cause, in writing and no later than **twenty-one (21) days** from the date of this Order, why the instant application for writ of habeas corpus should not be denied and dismissed as time-barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, his application for writ of habeas corpus will be dismissed without further proceedings.

Dated this 10th day of April, 2025.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE