# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LYDELL MOORE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-CV-00443 RHH |
| RICHARD ADAMS, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

State-court prisoner Lydell Moore petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. On April 10, 2025, the Court issued an Order directing Moore to show cause as to why the petition should not be dismissed as time-barred. [ECF No. 3]. The Court has reviewed Moore's response to the Order to Show Cause and finds it unpersuasive. Moore's § 2254 habeas petition will be denied and dismissed as time-barred.

## Background

Based on an independent review on Case.net, Missouri's online case management system, petitioner was convicted of second-degree murder under an accomplice theory of culpability following a jury trial in St. Charles County, Missouri in October of 2018. *State v. Moore*, No. 1611-CR01416-01 (11th Jud. Cir., St. Charles County Court). On March 8, 2019, petitioner was sentenced to thirty (30) years of imprisonment in the Missouri Department of Corrections. Petitioner appealed and the Missouri Court of Appeals affirmed the judgment on September 1, 2020. *State v. Moore*, 605 S.W.3d 616 (Mo. Ct. App. 2020). Petitioner did not file a motion to transfer to the Missouri Supreme Court.

On October 9, 2020, petitioner signed his pro se motion to vacate, set aside or correct sentence pursuant to Missouri Supreme Court Rule 29.15.[1] *Moore v. State*, No. 18SL-CC04376 (11th Jud. Cir., St. Charles County Court). The motion was not officially filed with the Circuit Court until November 25, 2020. *Id.* The motion was denied after an evidentiary hearing on March 28, 2022. Petitioner appealed and the Missouri Court of Appeals affirmed the denial of petitioner's Rule 29.15 motion on June 6, 2023. *Moore v. State*, 669 S.W.3d 176 (Mo. Ct. App. 2023). The Court of Appeals issued its mandate on July 3, 2023.

Petitioner placed his application for writ of habeas corpus in the prison mailing system on March 19, 2025. [ECF No. 1, at 13]. In his petition he makes multiple arguments of alleged ineffective assistance of counsel, and he also seeks relief based on an alleged denial of due process. On the section of the petition titled "Timeliness of Petition," petitioner states:

> The prison officials had all my legal materials in their immediate possession and refused to allow me any access to them until now, which they denied me all my grievances regarding my legal materials.

*Id.* at 12.

In his petition, petitioner also suggests that he is entitled to "Equitable Tolling" because of his inability to obtain all his legal paperwork from the prison while he was in disciplinary custody. He attaches a July 2, 2024, Institutional Resolution Request (IRR) to his complaint, ERDCC 24-837, asserting that he had only half of his "legal work" during his time in Administrative

---

[1] The motion to vacate was not docketed by the Circuit Court until November 25, 2020. Petitioner included correspondence with his motion to vacate indicating that he had attempted to mail his motion, but he had it returned to the prison due to insufficient postage. After the return of the motion to the prison, it was placed in the mail by petitioner for a second time on or about November 19, 2020.

Segregation. He requests in his (IRR) that he be given access to additional legal work that was apparently being kept in the property lock-up at ERDCC. [ECF No. 1-2 at 5].

On August 23, 2024, the grievance officer at Eastern Reception Diagnostic Correctional Center (ERDCC) provided a "Warden's Response" to petitioner's IRR, detailing:

> Staff indicated that they retrieved all the legal work that had the information you provided them. If you need additional legal work from your property, you will need to communicate what you need through written correspondence to your case management staff and during case manager rounds. In accordance with SOP 21-1.2 Administrative Segregation, you are only allowed to retain 12 inches of legal work in your cell, so you may need to exchange some legal work out. This should resolve your Grievance.

[ECF No. 1-2 at 6].

Petitioner filed a grievance appeal on December 5, 2024. [ECF No. 1 at 7]. In his grievance appeal he alleged that he had been placed in Administrative Segregation on March 2, 2024, and at that time he had been separated from some of his legal paperwork. *Id*. He asserted that another inmate had been allowed to pack up the paperwork in his cell, apparently as petitioner was being placed in Administrative Segregation. In his grievance appeal, petitioner asserts that he was looking for the legal paperwork so he could file his application for writ of habeas corpus before it was "too late." *Id*.

Deputy Division Director of Adult Institutions, Jason Lewis filed a grievance appeal response on January 2, 2025. [ECF No. 1 at 7]. In the letter, Lewis stated that the grievance response had "adequately addressed [petitioner's] complaint regarding legal work." As such, "[n]o additional legal action [was] necessary."

After review of the habeas petition, the Court issued an Order to Show Cause on April 10, 2025, directing petitioner to show cause as to why it should not be dismissed as time-barred. [ECF No. 3].

**Show Cause Response**

On April 10, 2025, the Court received petitioner's response to the Court's Order to Show Cause. *See* ECF No. 5. In the response, petitioner states that he was subjected to "government interference" when he attempted to seek documents held by ERDCC officials while he was in Administrative Segregation. He claims that he:

> specifically informed the caseworker what he actually needed and was at best looking for, whereas prison staff simply brought whatever portions they thought might please Petitioner, as oppose[d] to bringing Petitioner the bundle of documents and allowing him to pick out he items under their supervision

[ECF No. 5, at 2].

Petitioner asserts that this behavior by ERDCC officials violated his First Amendment rights, deprived him of the ability to have the documents he requested and amounted to government interference. He asserts that such activity by the government should allow for equitable tolling in this instance.

**Discussion**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates, as set forth in 28 U.S.C. § 2244(d)(1). *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final, to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A). However, the AEDPA's statute of limitations tolls while state post-conviction proceedings and "other collateral review" proceedings are pending. *Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005); 28 U.S.C. §

2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). State post-conviction relief proceedings are "pending" for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it but are not "pending" for the period between the end of direct review and the date of post-conviction application filing. *Maghee*, 410 F.3d at 475 (citing *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000); *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). Additionally, under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *See Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely).

In this case, petitioner's direct appeal was affirmed by the Missouri Court of Appeals in a judgment issued on September 1, 2020. Petitioner did not file a motion to transfer. Thus, his time for seeking direct review in the Missouri Supreme Court expired on September 16, 2020, fifteen (15) days after the judgment was affirmed. However, petitioner did not file his motion for post-conviction relief until November 25, 2020, due to a mailing issue. As explained above, petitioner's post-conviction proceedings were not "pending" between September 16, 2020, and November 24, 2020, so this 69-day period counts towards petitioner's one-year statute of limitations under the AEDPA.

On July 3, 2023, when the post-conviction mandate was issued, petitioner's post-conviction proceedings became final and the AEDPA period began running again. Because 69 days of the one-year period had already run, petitioner needed to file his § 2254 petition within 296 days from the July 3, 2023, mandate, or by April 24, 2024.

"[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008). In this case, petitioner states in his petition that he delivered it to prison authorities for mailing on March 19, 2025. [ECF No. 1 at 13]. As such, it appears that the petition was filed almost one year late.

Petitioner alleges that his petition is late for reasons related to his inability to obtain all his legal paperwork from ERDCC. He specifically asserts that he had only half of his "legal work" during his time in Administrative Segregation, and that there was never a time when ERDCC officials would allow him to look through all of his paperwork at one time so that he could piece through the paperwork to find exactly what he needed to use to file his application for writ of habeas corpus in a timely manner.[2]

Equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. The one-year limitations period set forth in the AEDPA may be equitably tolled if a petitioner demonstrates: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Muhammad v. U.S.*, 735 F.3d 812, 815 (8th Cir. 2013).

First and foremost, the Court notes that petitioner did not enter Administrative Segregation at ERDCC until March 2, 2024, according to the IRR he attached to his petition. [ECF No. 1-2, at 7]. Thus, by the time he entered Administrative Segregation, he had approximately fifty-three (53) days to file his petition for writ of habeas corpus in this Court.

---

[2]The Court notes that petitioner has not indicated the date he was released from Administrative Segregation or when he actually received all of his paperwork from ERDCC officials.

Additionally, according to Eighth Circuit caselaw, an unrepresented prisoner's allegations of "a lack of legal knowledge or legal resources" is not sufficient to warrant equitable tolling. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000); *see also Muhammad*, 735 F.3d at 815 (finding no extraordinary circumstances justifying equitable tolling where movant argued that he was detained in a separate housing unit for five months where he did not have access to the law library or his personal, legal materials). Accordingly, petitioner's assertions that he had the wrong paperwork while he was in Administrative Segregation does not warrant equitable tolling in the 8th Circuit.

Although petitioner asserts that "government interference" by ERDCC officials prohibited him from filing his application for writ of habeas corpus, he has not pointed to anything more than the rule at the Missouri Department of Corrections (MDOC) that prisoners in Administrative Segregation can only have twelve (12) inches of legal work with them in their cells. Petitioner admits that he was able to switch out the paperwork he had with him in his cell for other paperwork being held in the property room, but he complains that the caseworker failed to provide him the "right" paperwork when he asked to switch his legal work. Nonetheless, petitioner has not provided facts that anyone at MDOC/ERDCC actively interfered with his ability to file his habeas petition in this Court. Therefore, the Court finds that the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred and subject to summary dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's second motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 1] is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 30th day of April, 2025.

                                                HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE